# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrell Williams,
               Petitioner

               v.                 :   No. 398 C.D. 2015
                                 :   Submitted: December 18, 2015

Pennsylvania Board of Probation
and Parole,
               Respondent

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                       **FILED: March 7, 2016**

       Tyrell Williams (Inmate) petitions this Court, *pro se*, for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board order that recommitted him as a convicted parole violator to serve backtime. Finding no error, we affirm.

       In 2008, Inmate was sentenced to a term of 1 year and 8 months to 5 years of incarceration on convictions for violation of a prior probation and for Drug Manufacture, Sale, Delivery or Possession with the Intent to Distribute. (Supplemental Certified Record (R.) at 1, 5/7/08 Sentence Status Summary.) The original maximum date for this sentence was July 8, 2012. (*Id.*; R. at 73-74, Parole

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

Revocation Hearing Transcript (H.T.) at 5-6.) On April 5, 2010, Inmate was released on parole. (R. at 17, Order to Release on Parole; R. at 74, H.T. at 6.) On April 1, 2010, prior to his release on parole, Inmate signed conditions governing his parole. (R. at 12-15, Conditions Governing Parole/Reparole.) Those conditions of parole specifically advised Inmate that:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled /reparoled, with no credit for time at liberty on parole.

(R. at 12, Conditions Governing Parole/Reparole ¶7.) At the time of his release, Inmate had 2 years, 3 months, and 3 days remaining on his original sentence. (R. at 17, Order to Release on Parole.)

On October 29, 2012, Inmate was arrested by the Williamsport Police Department and charged with Robbery, Criminal Conspiracy, Theft by Unlawful Taking, and Simple Assault for acts committed on January 6, 2012, before his parole ended on July 8, 2012. (R. at 21, Criminal Arrest and Disposition Report; R. at 26, 31, Criminal Docket; R. at 75, H.T. at 7.) Inmate was held on those charges in the Lycoming County Prison from November 4, 2012, when bail was set at $175,000 and he did not post bail. (R. at 21, Criminal Arrest and Disposition Report; R. at 26-27, Criminal Docket.) In October 2013, Inmate was convicted in the Court of Common Pleas of Lycoming County of Robbery, Theft by Unlawful Taking, and Simple Assault. (R. at 22, Criminal Arrest and Disposition Report; R. at 32, 36, Criminal Docket.) Inmate was sentenced on March 27, 2014, to a term of 6 to 12 years of incarceration followed by a consecutive 8 year term of probation. (R. at 23-25, Sentencing Order; R. at 32, Criminal Docket.)

On August 9, 2014, the Board notified Inmate that it intended to hold a parole revocation hearing based on his conviction on the new charges, and a revocation hearing was held on August 27, 2014. (R. at 55, Notice of Charges and Hearing; R. at 69-84, H.T.) Following that hearing, based on Inmate's conviction and its conclusion that he was a threat to the safety of the community, the Board ordered Inmate recommitted as a convicted parole violator to serve the time remaining on his original sentence at the time of his 2010 parole, with no credit for his time at liberty on parole. (R. at 61-68, Hearing Report; R. at 86-87, Order to Recommit.) In its Order to Recommit, the Board recalculated Inmate's maximum sentence date to December 28, 2016. (R. 86, Order to Recommit.) This new maximum sentence date was based on the fact that Inmate had 2 years, 3 months, and 3 days remaining on his original sentence and the determination that Inmate became available to serve that backtime on September 25, 2014. (*Id.*) On December 4, 2014, the Board mailed Inmate notice of its decision recommitting him as a convicted parole violator to serve his unexpired term and changing his new maximum sentence date to December 28, 2016. (R. at 88-89, Notice of Board Decision.) Inmate, on December 29, 2014, filed an administrative appeal from this decision, which the Board denied on March 11, 2015. (R. at 90-95, Request for Administrative Remedy; R. at 97-98, Board Decision.) Inmate thereafter timely filed this petition for review of the Board's decision.

On appeal,[2] Inmate asserts two arguments: 1) that the Board could not recommit him because his original maximum sentence had expired before he was charged with and convicted of the new crimes; and 2) that the Board's

---

[2] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

recalculation of his maximum sentence date constituted an illegal extension of his original judicially imposed sentence. Neither of these arguments is meritorious.

It is well settled that the Board has jurisdiction to recommit a parolee, after his maximum sentence date, for crimes committed while he was still on parole, even if he was not charged with and convicted of those crimes until after his maximum sentence expired. 61 Pa. C.S. § 6138(a)(1); *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 34 (Pa. Cmwlth. 2006)*; Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1124 (Pa. Cmwlth. 2005). Section 6138(a)(1) of the Prisons and Parole Code permits the Board to recommit as a convicted parole violator any parolee

> who, <u>during the period of parole</u> or while delinquent on parole, <u>commits a crime punishable by imprisonment</u>, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record ....

61 Pa. C.S. § 6138(a)(1) (emphasis added). The critical issue is thus not when the parolee was charged with the crime or convicted, but whether he committed the crime for which he was ultimately convicted before his parole ended. *Adams*, 885 A.2d at 1124 & n.6 (interpreting substantially identical language in prior statute, Section 21.1 of Parole Act, Act of August 6, 1941, P.L. 861, added by Act of August 24, 1951, P.L. 1401, *formerly*, 61 P.S. § 331.21a, repealed by Act of August 11, 2009, P.L. 147). Because the crimes for which Inmate was convicted were committed on January 6, 2012, before the July 8, 2012 expiration of his maximum sentence date, the fact that he was not charged or convicted until after July 8, 2012 is irrelevant, and the Board did not err in recommitting Inmate as a convicted parole violator. *Miskovitch*, 77 A.3d at 73-74 (upholding recommitment

where crime was committed before maximum sentence date even though parolee did not plead guilty to crime until more than a year and one half after original sentence expired); *Reavis*, 909 A.2d at 31-32, 34 (upholding recommitment following 2003 guilty plea, even though maximum sentence date expired in 1993, because crime to which parolee pleaded guilty was committed in 1990)*; Adams*, 885 A.2d at 1122, 1124 & n.6 (upholding recommitment because crime was committed before expiration of maximum sentence date, notwithstanding fact that parolee was charged with the crime nearly three months after maximum sentence date expired).

Inmate's second argument is equally invalid. The Board's extension of Inmate's maximum sentence date based on the length of time that he was at liberty on parole does not alter his judicially imposed sentence; rather, it merely requires him to serve his full original sentence. *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 845-48 (Pa. 1979); *Ohodnicki v. Pennsylvania Board of Parole,* 211 A.2d 433, 435 (Pa. 1965); *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 685-86 (Pa. Cmwlth. 2011). Time spent at liberty on parole does not constitute service of a sentence of incarceration. *Young*, 409 A.2d at 846 ("Mere lapse of time without imprisonment . . . does not constitute service of sentence") (quoting *Anderson v. Corall*, 263 U.S. 193 (1923)).

Under the Prisons and Parole Code, a recommitted parolee must serve the remainder of his term that he had not yet served at the time of his parole unless the Board exercises discretion to award credit for time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2), (2.1). Here, the Board acted within its discretion in declining to award Inmate credit for the time that he spent at liberty on parole, and the backtime that it added to his maximum sentence date consists only of the 2

5

years, 3 months, and 3 days of his original sentence that he never served. Inmate's reliance on *McCauley v. Pennsylvania Board of Probation and Parole*, 510 A.2d 877 (Pa. Cmwlth. 1986), is therefore misplaced. In *McCauley*, this Court held that the Board could not require an inmate to serve backtime that would exceed the time remaining on his unexpired sentence. *McCauley*, 510 A.2d at 879 n.8. In this case, the backtime did not exceed the remainder of Inmate's unexpired sentence.

For the foregoing reasons, we affirm the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrell Williams,                                    :
         Petitioner                     :
                                                :
         v.                                      :    No. 398 C.D. 2015
                                                :
Pennsylvania Board of Probation                     :
and Parole,                                          :
         Respondent                     :

## ORDER

AND NOW, this 7th day of March, 2016, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

 

                                    **_____**
                                    **JAMES GARDNER COLINS, Senior Judge**